**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RICHARD RALPH MARTINEZ,

        Plaintiff,

v.                                    No. 2:24-cv-00189-DHU-GBW

STATE OF NEW MEXICO,
GOVERNOR OF THE STATE OF NEW MEXICO,
NEW MEXICO PAROLE CHAIRPERSON,
NEW MEXICO INTERSTATE COMPACT COMMISSIONER ROBERTA COHEN,
NINTH JUDICIAL DISTRICT COURT, et al.

        Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

On May 22, 1980, Plaintiff was sentenced to life imprisonment for first degree murder.  *See* Civil Rights Complaint Pursuant to 42 U.S.C. 1983 at 2, Doc. 1, filed February 26, 2024 ("Complaint").  Plaintiff alleges that Defendants improperly denied Plaintiff's requests for discharge from parole.  *See* Complaint at 3.  Plaintiff asserts civil rights claims pursuant to 42 U.S.C. § 1983 for deprivation of liberty without due process, for cruel and unusual punishment, and for denial of equal protection.  *See* Complaint at 3-6.

Plaintiff has previously filed two cases in the District of New Mexico regarding the denial of his requests for discharge from his parole.  *See Martinez v. New Mexico*, No. 1:20-cv-00051-MV-LF ("Martinez I"); *Martinez v. Grisham*, No. 1:20-cv-722-JB-LF ("Martinez II").

In *Martinez I*, Plaintiff sought monetary damages pursuant to 42 U.S.C. § 1983 on the grounds that defendants ignored his requests for discharge from parole.  *See* Dismissal Order at 1, filed March 31, 2020, in *Martinez I*.  United States District Judge Martha Vázquez dismissed the

Section 1983 claims against the State of New Mexico Defendants for lack of subject-matter

jurisdiction because Defendants are immune from Section 1983 damages suits.  *See id.*

In *Martinez II*, Plaintiff sought "damages pursuant to 42 U.S.C. § 1983 for constitutional

violations arising out of his thirteen-year probationary term, which he asserts should have been

only two years long."  Dismissal Order at 1, filed July 29, 2020, in *Martinez II*.  United States

District Judge James O. Browning dismissed *Martinez II* after concluding: (i) Plaintiff was not

eligible for the two-year determinate parole period but was required to undergo a minimum period

of parole of five years; and (ii) Plaintiff did not plausibly allege that a thirteen-year period of parole

violated his rights under the Eighth, Eleventh, Thirteenth or Fourteenth Amendments to the

Constitution of the United States.  *See id.* at 27-28.  The United States Court of Appeals for the

Tenth Circuit affirmed Judge Browning's decision after stating: "Because all possibly applicable

New Mexico laws do not mandate a parole-discharge date, [Plaintiff's] complaint fails to state a

claim upon which relief can be granted."  Doc. 13-1 at 5, filed March 20, 2023, in *Martinez II*.

After describing Judge Vázquez' and Judge Browning's decisions, Chief United States

Magistrate Judge Gregory B. Wormuth notified Plaintiff:

> The Complaint does not allege facts showing that the Court has jurisdiction over
> Plaintiff's claims pursuant to 42 U.S.C. § 1983 against the State of New Mexico
> and the individual State Defendants in their official capacities.  "With certain
> limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit
> against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir.
> 2002).   There are "two primary circumstances in which a citizen may sue a state
> without offending Eleventh Amendment immunity. Congress may abrogate a state's
> Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh
> Amendment immunity and consent to be sued." *Id.* at 1181.  Neither exception
> applies in this case.  "First, the United States Supreme Court has previously held
> that Congress did not abrogate states' Eleventh Amendment immunity when it
> enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)).
> Second, Plaintiff does not allege in his complaint that the State of New Mexico
> waived its Eleventh Amendment immunity in this case. Furthermore, Plaintiff has
> sued the unidentified officers/representatives of the State in their official capacities.
> "It is well established that arms of the state, or state officials acting in their official

2

capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006).

The Complaint fails to state claims against the individual Defendants in their individual capacities because the Complaint does not explain what each Defendant did to Plaintiff and when each Defendant did it. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"). Plaintiff attached several documents to his Complaint. The Court will not review the attachments to a complaint to determine whether Plaintiff can state a claim upon which relief can be granted. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it"); *Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories for a pro se litigant."). Any information in the attachments that form a basis for Plaintiff's claims must be set forth in allegations in an amended complaint. The Court may consider the documents attached to the Complaint or amended complaint at a later stage in this case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

It appears that Plaintiff's claims pursuant to 42 U.S.C. § 1983 are barred by the statute of limitations. *See Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims"); N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years"). Plaintiff asserts claims based on Defendants' alleged violations while Plaintiff was on parole. Plaintiff was discharged from parole in 2019. *See* Complaint at 3. There are no allegations in the Complaint that any Defendant deprived Plaintiff of a right secured by federal law after 2019. *See* Complaint at 3 (stating Plaintiff wrote a letter to the Parole Director on January 23, 2020, "which was never acknowledged").

Order to Show Cause at 6-8, Doc. 4, filed March 11, 2024. Judge Wormuth ordered Plaintiff to

show cause why the Court should not dismiss this case for the reasons stated above, including the

reasons set forth by Judge Vázquez in *Martinez I*, by Judge Browning in *Martinez II*, and the Tenth

Circuit in its order affirming Judge Browning's decision in *Martinez II*.  Judge Wormuth also ordered Plaintiff to file an amended complaint and notified Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case.  *See* Order to Show Cause at 11.

Plaintiff did not show cause, file an amended complaint or otherwise respond to Judge Wormuth's Order to Show Cause by the April 1, 2024, deadline.

The Court dismisses this case because: (i) the Complaint does not state a claim upon which relief can be granted; (ii) Plaintiff did not show cause why the Court should not dismiss this case; and (iii) Plaintiff did not file an amended complaint or otherwise respond to Judge Wormuth's Order to Show Cause.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE